FILED: 10/11/2021 5:21 PM
David Trantham
Denton County District Clerk
By: Desiree Gonzales, Deputy

CAUSE NO. 21-8964-16

| | | |
|---|---|---|
| VANESSA OCHOA, | § | IN THE DISTRICT COURT OF |
| *Plaintiff*, | § § § | |
| v. | § § | DENTON COUNTY, TEXAS |
| JOHN BENTON MODEL FITNESS, LLC, | § § § | |
| *Defendant*. | § | _____ JUDICIAL DISTRICT |

### PLAINTIFF'S ORIGINAL PETITION AND REQUEST FOR DISCLOSURE

COMES NOW Plaintiff Vanessa Ochoa, ("Ms. Ochoa" or "Plaintiff"), and files her Original Petition against Defendant John Benton Model Fitness, LLC ("John Benton Model Fitness" or "Defendant") as follows:

#### I. DISCOVERY

1. Plaintiff intends that discovery be conducted under Discovery Level 3 of TEX. R. CIV. P. 190.

#### II. NATURE OF ACTION

2. This is a cause of action involving claims of negligent invasion of privacy, premises liability, negligence, and gross negligence. Because of Defendant's actions and/or omissions, Plaintiff Vanessa Ochoa suffered severe mental anguish and emotional distress when she discovered a video camera recording her while undressing in the bathroom of Defendant John Benton Model Fitness' studio ("the Incident").

#### III. PARTIES

3. Plaintiff Vanessa Ochoa is an individual who currently resides in Los Angeles County, California.

4. Defendant John Benton Model Fitness, LLC is a Texas limited liability

**PLAINTIFF'S ORIGINAL PETITION AND REQUEST FOR DISCLOSURE** – Page 1



company and a Texas citizen that may be served with service of process by serving its registered agent, John Benton, at 4505 Wisdom Creek Ct., Flower Mound, Texas 75022.

## IV. JURISDICTION AND VENUE

5. Venue is proper in Denton County, Texas, pursuant to TEX. CIV. PRAC. & REM. CODE §15.002(a)(1), because all or a substantial part of the events or omissions giving rise to the claims occurred in Denton County, Texas.

6. Venue is also proper in Denton County, Texas, pursuant to § 15.002(a)(3), because Defendant's principal office is in Denton County, Texas.

7. This Court has subject-matter jurisdiction because the amount in controversy exceeds the minimum jurisdictional amount of this Court.

8. Pursuant to Rule 47(c) of the Texas Rules of Civil Procedure, Plaintiff seeks monetary relief in excess of $1,000,000.00.

## V. FACTS

9. John Benton Model Fitness is a well-known personal training company which provides personal training services and workout videos to women, especially those in the modeling and beauty pageant industry.

10. Per its website, John Benton Model Fitness "works directly with the best modeling agencies and competitions around the world."

11. At the time of the Incident, Ms. Ochoa worked as a model. However, Ms. Ochoa is not and has never been an employee of John Benton Model Fitness.

12. On or about August 10, 2020, John Benton Model Fitness invited Ms. Ochoa to participate in a taped workout session at its studio located in Flower Mound, Texas.

13. On or about August 21, 2020, Ms. Ochoa arrived at Defendant's studio to participate in the workout. However, upon her arrival Ms. Ochoa was asked by Defendant's

**PLAINTIFF'S ORIGINAL PETITION AND REQUEST FOR DISCLOSURE** – Page 2

owner, John Benton ("Mr. Benton"), to go into the bathroom and try on an outfit provided by Mr. Benton.

14. Ms. Ochoa thought nothing of the request and proceeded to the bathroom to try on the outfit. However, unbeknownst to Ms. Ochoa, Defendant had allowed a video camera to be secretly placed inside the bathroom.

15. While in the process of undressing, Ms. Ochoa discovered the camera hidden behind a shampoo bottle. The lens of the camera was positioned so that it could record Ms. Ochoa while she was undressing. Upon further inspection, Ms. Ochoa was horrified to discover that the camera was, in fact, recording her.

16. Ms. Ochoa immediately began to panic and fear for her safety. As soon as she was able to safely flee the studio, she did.

17. Once Ms. Ochoa had left, Mr. Benton presumably reviewed the recorded footage and realized that Ms. Ochoa had discovered the hidden camera. He immediately began to flood Ms. Ochoa with phone calls and text messages.

18. Ms. Ochoa told Mr. Benton how she felt violated, deceived, and emotionally distraught at having been secretly videotaped while she was undressing. She also asked Mr. Benton to stop reaching out to her.

19. However, Mr. Benton continued to harass Ms. Ochoa with phone calls and messages to the point that she had to block him from all her social media accounts and block his number from her phone.

20. As a result of the Incident, Ms. Ochoa has suffered from severe emotional distress and mental anguish. Ms. Ochoa's injuries include, but are not limited to, depression, paranoia, anxiety, stress, panic, shame, guilt, intense distress, feelings of worthlessness, feelings



of hopelessness, and other symptoms of emotional distress and mental anguish.

21. Further, Ms. Ochoa's emotional distress and mental anguish have physically manifested in the following ways: anxiety attacks, nightmares, insomnia, loss of appetite, stomach aches, dizziness, nausea, muscle tension, migraines, and other symptoms to be proven at trial.

## VI. LIABILITY OF DEFENDANT

### A. Negligent Invasion of Privacy

22. Plaintiff re-alleges and incorporates by reference the allegations made above.

23. On or about August 21, 2020, John Benton Model Fitness owed a duty to Ms. Ochoa to not intrude or allow an intrusion on her solitude, seclusion, or private affairs which Defendant breached by allowing a video camera to be placed in a bathroom which Defendant knew or should have reasonably known would be used by one its invitees, specifically Ms. Ochoa, and such action would be highly offensive to a reasonable person.

24. John Benton Model Fitness' breach of its duty proximately caused Ms. Ochoa's injuries.

### B. Premises Liability

25. Plaintiff re-alleges and incorporates by reference the allegations made above.

26. Plaintiff would show that John Benton Model Fitness was possessor of the premises where the Incident occurred and that a condition on the premises posed an unreasonable risk of harm to its invitees, including Ms. Ochoa. Specifically, the video camera hidden in the bathroom posed an unreasonable risk of harm. Defendant knew of the danger and/or reasonably should have known of the danger, and Defendant breached its duty of ordinary care by failing to

make the condition reasonably safe to Ms. Ochoa.

27. As a result, John Benton Model Fitness' breach proximately caused Ms. Ochoa's injuries.

C. **Negligence**

28. Plaintiff re-alleges and incorporates by reference the allegations made above.

29. Plaintiff would show that John Benton Model Fitness had a duty to act in a reasonable manner and ensure that its premises were safe for use by its invitees, including Ms. Ochoa. However, John Benton Model Fitness' negligent acts and/or negligent omissions in failing to ensure the safety of Ms. Ochoa proximately caused her to suffer severe emotional distress and mental anguish.

D. **Gross Negligence**

30. Plaintiff re-alleges and incorporates by reference the allegations made above.

31. Each of the above-listed acts and/or omissions, taken singularly or in any combination, rise to the level of gross negligence. Defendant's acts and/or omissions, when viewed objectively from the standpoint of the actor at the time of its occurrence, involved an extreme degree of risk, considering the probability and magnitude of harm to others. Defendant had actual, subjective awareness of the risk involved, but nevertheless proceeded with conscious indifference to the rights, safety, or welfare of others. Therefore, John Benton Model Fitness is grossly negligent, for which it is liable to Plaintiff for exemplary or punitive damages.

## VII. EXEMPLARY DAMAGES

32. Plaintiff's injuries resulted from Defendant's gross negligence, which entitles Plaintiff to exemplary or punitive damages under Texas Civil Practices & Remedies

Code § 41.003(a).

## VIII. CAUSATION AND DAMAGES

33. Plaintiff incorporates all factual allegations made above.

34. As a direct and proximate result of Defendant's negligent acts or omissions made the basis of this lawsuit, Ms. Ochoa has incurred the following damages:

    a. mental anguish in the past;
    b. mental anguish in the future;
    c. emotional distress in the past;
    d. emotional distress in the future;
    e. physical manifestation of mental anguish and emotional distress, including but not limited to, nightmares, insomnia, loss of appetite, anxiety attacks, dizziness, nausea, stomach aches, muscle tension, and migraines.

35. By reason of the above, Plaintiff suffered losses and damages in a sum within the jurisdictional limits of the Court and for which this lawsuit is brought.

36. Pursuant to rule 47(c) of the Texas Rules of Civil Procedure, Plaintiff seeks monetary relief in excess of $1,000,000.

## IX. ALTERNATIVE PLEADINGS

37. To the extent that facts and/or causes of action pled in this Original Petition are in conflict, they are pled in the alternative.

## X. REQUEST FOR DISCLOSURE

38. Pursuant to Texas Rule of Civil Procedure 194(a), Defendant is required to disclose, within thirty (30) days of the filing of its answer, the information or material described in Rule 194.2(b)1-12. Any defendant that is served or otherwise joined after the filing of the first answer must make their initial disclosures within thirty (30) days after being served or joined.



## XI. PRAYER

39. Plaintiff prays that judgment be entered against Defendant for an amount that is fair and reasonable for the following:

    a. compensatory damages;

    b. all costs of court expended herein;

    c. pre-judgment and post-judgment interest at the maximum rate allowed by law;

    d. exemplary/punitive damages; and

    e. all other relief to which Plaintiff is justly entitled.

Dated:   October 11, 2021

Respectfully submitted,

**PACHECO & COUCEIRO, PLLC**

By: _____

Alex Gonzalez
agonzalez@pcinjury.com
State Bar No. 24084193
2320 Central Boulevard
Brownsville, Texas 78520
(956) 518-1818 - Telephone
(956) 284-0132 – Facsimile

ATTORNEY FOR PLAINTIFF



## Automated Certificate of eService

This automated certificate of service was created by the efiling system. The filer served this document via email generated by the efiling system on the date and to the persons listed below. The rules governing certificates of service have not changed. Filers must still provide a certificate of service that complies with all applicable rules.

Daniel Gonzalez on behalf of Daniel Gonzalez
Bar No. 24084193
info@pcinjury.com
Envelope ID: 58078798
Status as of 10/14/2021 9:31 AM CST

Case Contacts

| Name | BarNumber | Email | TimestampSubmitted | Status |
| --- | --- | --- | --- | --- |
| Daniel Gonzalez | 24084193 | agonzalez@pcinjury.com | 10/11/2021 5:21:11 PM | SENT |

CERTIFIED A TRUE AND CORRECT COPY
OF THE RECORD ON FILE IN MY OFFICE
**DAVID TRANTHAM**
DENTON COUNTY DISTRICT CLERK
10/15/2021   By: [signature]
Date                                  Deputy Clerk